# COPY

Paul R. Kiesel, Esq. (SBN 119854)
kiesel@kbla.com
Patrick DeBlase, Esq. (SBN 167138)
deblase@kbla.com
**KIESEL BOUCHER LARSON LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

David J. Cohen, Esq. (*Pro Hac Vice Pending*)
dcohen@smbb.com
Patrick Howard, Esq. (*Pro Hac Vice Pending*)
phoward@smbb.com
**SALTZ MONGELUZZI BARRETT & BENDESKY, P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: (215) 496-8282
Facsimile: (215) 496-0999

Attorneys for Plaintiff, RICHARD HOBSON, JR.,
on behalf of himself and all others similarly situated

FILED 2009 JUN 19 PM 3:36 CLERK U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIF

FAXED

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOBSON, JR., on behalf of himself and all others similarly situated,<br>Plaintiff,<br>v.<br>TICKETMASTER ENTERTAINMENT, INC. and TICKETSNOW.COM, INC.,<br>Defendant. | CASE NO.: CV09-04445 PA (FFMx)<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17500 AND 17200; UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

---

1

**CLASS ACTION COMPLAINT**

Plaintiff Richard Hobson, Jr. ("Plaintiff"), by and through his undersigned attorneys, hereby makes the following allegations concerning his acts and status upon actual knowledge, and concerning all other matters upon information, belief, and the investigation of his counsel:

## NATURE OF THE CASE

1. This action seeks redress for a deceptive and otherwise unfair business practice that Defendant Ticketmaster Entertainment, Inc. and TicketsNow.com, Inc. ("Defendants" or "Ticketmaster") have perpetrated against their customers by intentionally redirecting consumers who want to purchase tickets from Ticketmaster's website -Ticketmaster.com - to another website owned and operated by Defendant's wholly owned subsidiary - TicketsNow.com - thereby deceiving consumers into inadvertently purchasing tickets from TicketsNow.com for amounts far greater than the face value of the tickets.

2. Without proper or adequate notice to or consent by its customers, Defendants deceptively redirect consumers from the initial on-sale marketplace where tickets are sold at face value - Ticketmaster.com - to the resale marketplace - TicketsNow.com - where tickets are sold at inflated prices, in amounts substantially greater than the face value of the tickets. Defendants engage in this deceptive and unfair business practice without justification or explanation, and does not grant consumers the opportunity to reverse the ticket purchase or obtain a refund consisting of the difference between the actual purchase price of the ticket (inadvertently purchased from TicketsNow.com) and the face value of the ticket.

3. In response to thousands of complaints from its customers, Ticketmaster has admitted that in purportedly, "trying to do the right thing for fans in providing more choices ... we clearly missed the mark." Aside from a limited number of tickets sold by TicketsNow.com for the Bruce Springsteen tour, however, Ticketmaster has refused requests for refunds or exchanges of the tickets purchased at inflated prices from TicketsNow.com.

**CLASS ACTION COMPLAINT**

4. As a result of Ticketmaster's actions, thousands of consumers have purchased tickets at inflated prices - far above the face value of the tickets - and were damaged thereby.

5. This deceptive business practices alleged herein were conducted in violation of applicable law.

6. This suit is brought on behalf of a nationwide class of all persons who inadvertently purchased tickets from TicketsNow.com as a result of deceptive and unfair business practices engaged in by Ticketmaster, between January 1, 2005, to the present, and who were damaged thereby (the "Class"). It seeks, inter alia, restitution, compensatory damages, including, but not limited to, a refund of the difference between the actual purchase price of tickets purchased from TicketsNow.com and the face value of those tickets, attorneys' fees, and the costs of this suit.

## JURISDICTION AND VENUE

7. Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as Plaintiff's citizenship is diverse from that of the Defendants, there are more than 100 class members, and the amount in controversy is in excess of $5 million.

8. In addition, jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(a)(1), as this matter is between citizens of different states and complete diversity exists, and the amount in controversy is in excess of $75,000.00.

9. This Court has supplemental jurisdiction over Plaintiff's state and common law causes of action, including claims based on violations of *California Business and Professions Code* §§ 17500, 17200, and the common law of the State of California, pursuant to 28 U.S.C. § 1367(a).

/ / /

/ / /

**CLASS ACTION COMPLAINT**

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Central District of California.

11. Venue is also proper in this district under 28 U.S.C. § 1391(a)(2), on the grounds that a substantial part of the events relating to Plaintiff's claims occurred in the Central District of California.

## PARTIES

12. Plaintiff is a resident of the State of New Jersey. In about Summer 2008, on the morning of the first day tickets were made publicly available for Tina Turner's 2008 concert tour, Plaintiff went to Ticketmaster.com to purchase tickets to a show at the Prudential Center in Newark, New Jersey. Ticketmaster.com showed that all the available tickets for concerts at the Prudential Center had been sold out, or at least all of the better seats Plaintiff was looking for. The Ticketmaster.com site redirected Plaintiff to Ticketsnow.com, where many Prudential Center concert tickets were available at a significant premium over face value. On May 30, 2008, Plaintiff used his Visa card to buy two tickets to Tina Turner's November 26, 2008 concert at the Prudential Center from what he believed to be Ticketmaster.com, for $1,052.56.

13. Defendant Ticketmaster Entertainment, Inc. is a company incorporated under the laws of the State of Delaware, with a principal place of business in Hollywood, California.

14. Defendant TicketsNow.com, Inc. is a company incorporated under the laws of the State of Illinois, with a principal place of business in Crystal Lake, Illinois.

15. Defendants do business throughout the State of California, including through the direct sale of tickets in the State and operation and maintenance of interactive websites, including but not limited to Ticketmaster.com and TicketsNow.com, accessible to consumers in, and residents of, California.

**CLASS ACTION COMPLAINT**

# OPERATIVE FACTS

### A. Ticketmaster.com and TicketsNow.com

16. At all relevant times, Ticketmaster has served as one of the world's leading live entertainment and marketing companies. Ticketmaster operates in 20 global markets providing ticket sales, marketing and distribution services through its website, Ticketmaster.com, which is one of the largest e-commerce sites on the Internet. Ticketmaster is the exclusive source of initial sale for tickets for many popular entertainment events. Consumers purchasing tickets from Ticketmaster pay the face value of the ticket.

17. Ticketmaster's wholly-owned subsidiary, TicketsNow, also operates an Internet site, www.TicketsNow.com, which prominently displays itself as a Ticketmaster company. TicketsNow is a reseller of tickets (i.e., it sells tickets in the secondary market) as opposed to Ticketmaster.com, which makes initial sales of tickets to live entertainment events. As a reseller of tickets, TicketsNow.com sells tickets at an exorbitant markup from the initial sales. Indeed, customers may pay more than a 300% markup when purchasing tickets from TicketsNow over what they would pay when purchasing tickets from Ticketmaster.

18. Before February 6, 2009, TicketsNow advertised tickets for live entertainment events prior to the initial sale of tickets to such events. Thus, consumers had no indication that purchasing tickets through TicketsNow, which clearly identified itself as a Ticketmaster company, was actually a transaction in the secondary market.

### B. Ticketmaster Systematically Redirects Consumers to TicketsNow

19. As the exclusive ticket source for many premier entertainment events, Ticketmaster.com often experiences heavy traffic when tickets for popular events are first available for sale.

20. The Ticketmaster.com website systematically redirects consumers seeking to purchase tickets at face value to its sister site, TicketsNow.com, where

tickets are sold at a price considerably above face value. Because TicketsNow identifies itself as a Ticketmaster company, when consumers are logged onto TicketsNow they believe that they are purchasing tickets from Ticketmaster. Only when consumers see the shocking bill do they realize that they have purchased tickets from TicketsNow at far above face value.

21. Most recently, in February 2009, Ticketmaster.com redirected a significant number of consumers to TicketsNow to purchase tickets to Bruce Springsteen concert events. Ticketmaster.com redirected consumers to TicketsNow even though the Bruce Springsteen events were not sold out and tickets remained available at Ticketmaster.

22. In light of these events, on February 5, 2009, Representative Bill Pascarell (D-NJ) has requested that the Federal Trade Commission ("FTC") and Justice Department investigate the relationship between Ticketmaster and TicketsNow to ensure that the process of purchasing tickets remains fair to the average consumer. Specifically, Representative Pascarell sent a letter to FTC Chairman Kovacic, which provides in part:

> There is a significant potential for abuse when one company is able to monopolize the primary market for a product and also directly manipulate, and profit from, the secondary market. Additionally, the speed with which tickets were made available on Ticketmaster's official resale affiliate site raises questions about whether TicketsNow brokers were given preferential treatment instead of competing on a level playing field with average consumers to purchase the tickets.

23. The attorneys general of the States of New Jersey and Connecticut have commenced investigations concerning the propriety of Ticketmaster's practice of redirecting consumers from its website to that of its affiliate TicketsNow.com.

24. Ticketmaster's practice of redirecting consumers from Ticketmaster.com to its subsidiary TicketsNow.com without adequate notice to consumers is predatory, unfair and unlawful. Indeed, following the public outcry

CLASS ACTION COMPLAINT

1  over the systematic re-routing of consumers from Ticketmaster.com to
2  TicketsNow.com in connection with Bruce Springsteen tickets, Ticketmaster
3  conceded that consumers were confused by its re-direction.

4      25.    Although Ticketmaster has acknowledged consumer confusion
5  between its primary website and the TicketsNow website admitting that it "missed
6  the mark," it has only agreed to provide redress for consumers who were redirected
7  in connection with the purchase of Bruce Springsteen tickets. Nevertheless,
8  thousands of other consumers who were redirected from Ticketmaster.com to
9  TicketsNow.com in connection with the purchase of tickets for other live
10 entertainment events are left with no remedy.

## CLASS ACTION ALLEGATIONS

12     26.    Plaintiff brings this action on his own behalf and on behalf of a
13 nationwide class of persons who, during the period from January 1, 2005 to the
14 present, tried to purchase tickets from Ticketmaster.com., were redirected from
15 Ticketmaster.com to TicketsNow.com, and purchased tickets from
16 TicketsNow.com at a premium over face value (the "Class").

17     27.    This action is brought as a class action for the following reasons:
18     a.    The Class consists of at least thousands of persons and is
19 therefore so numerous that joinder of all members, whether otherwise required or
20 permitted, is impracticable;
21     b.    There are questions of law or fact common to the Class that
22 predominate over any questions affecting only individual members, including:
23     i.    Whether Defendants violated *Cal. Bus. & Prof. Code* §§
24 17500 and 17200 by redirecting consumers from Ticketmaster.com to
25 TicketsNow.com, thereby engaging in false and misleading advertising and an
26 unfair business practice by deceiving consumers into inadvertently purchasing
27 tickets from TicketsNow.com for amounts greater than the face value of the
28 tickets;

**CLASS ACTION COMPLAINT**

   ii. Whether Defendants unjustly enriched itself by redirecting consumers from Ticketmaster.com to TicketsNow.com, thereby deceiving consumers into inadvertently purchasing tickets from TicketsNow.com for amounts greater than the face value of the tickets;

   iii. Whether members of the Class have sustained damages and, if so, the proper measure thereof; and

   iv. Whether Defendants should be enjoined from its deceptive business practice of redirecting consumers from Ticketmaster.com to TicketsNow.com;

  c. The claims asserted by Plaintiff are typical of the claims of the members of the Class;

  d. Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including related litigation involving consumer fraud;

  e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

   i. Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional consumers will be harmed, and Defendants will continue to retain its ill-gotten gains;

   ii. It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

   iii. When the liability of Defendants has been adjudicated, the Court will be able to determine the claims of all members of the Class;

/ / /

/ / /

/ / /

/ / /

**CLASS ACTION COMPLAINT**

    iv. A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions; and

    v. The lawsuit presents no difficulties that would impede its management by the Court as a class action.

  f. Defendants have acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate; and

  g. The prosecution of separate actions by individual members of the Class would create a risk of incompatible standards of conduct for Defendants and of inconsistent or varying adjudications for all parties.

  28. Defendant's violations of the common law are applicable to all members of the Class, and Plaintiff is entitled to have Defendants enjoined from engaging in unlawful conduct in the future.

## FIRST CAUSE OF ACTION

### (Violation of California Business and Professions Code § 17500)

  29. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-27 above as if fully set forth herein.

  30. *California Business and Professions Code* § 17500 makes it unlawful for any corporation or association providing services or selling anything "of any nature whatsoever" to make any statement or omission, including over the Internet, in connection with the marketing or sale of such product which is untrue, misleading or deceptive. Specifically, *Cal. Bus. & Prof. Code* § 17500 prohibits a business from engaging in a scheme with the intent not to sell a product at the advertised price.

  31. Ticketmaster has engaged, and continues to engage, in false, misleading and deceptive advertising in California, and nationwide, in violation of *Cal. Bus. & Prof. Code* § 17500, by redirecting consumers from Ticketmaster.com

**CLASS ACTION COMPLAINT**

to TicketsNow.com thereby deceiving consumers into purchasing tickets in the resale marketplace - TicketsNow.com - at prices far in excess of the face value of the tickets.

32.  Upon information and belief, Ticketmaster carried out a scheme to divert consumers, including Plaintiff, from Ticketmaster.com to its sister company TicketsNow.com in a deliberate effort to sell tickets at inflated prices, rather than at face value.

33.  As a result of Ticketmaster's misleading and deceptive statements and/or omissions, reasonable consumers, including Plaintiff, were misled and/or likely to be misled concerning the source of and pricing for their ticket purchases.

34.  Had Plaintiff and the other members of the Class known that they were being redirected from Ticketmaster.com to TicketsNow.com, or were being charged prices in excess of the face value of the tickets purchased, they would not have provided their personal information, credit and debit card numbers and/or checking account numbers to Defendants, and they would not have inadvertently purchased tickets from TicketsNow.com at inflated prices in amounts far above the face value of the tickets.

35.  Defendants engaged, and continue to engage, in the aforementioned deceptive and misleading business practice to increase its profits. As such, Defendants' deceptive statements and/or omissions caused and continue to cause substantial injury to consumers, including Plaintiff and the other members of the Class.

36.  Thus, Plaintiff seeks, on behalf of herself and all other members of the Class, full restitution, as necessary and according to proof, to restore any and all monies Defendants acquired from Plaintiff and all other members of the Class as a result of Defendants' false, misleading and deceptive advertising as described above, plus interest thereon.

///

## SECOND CAUSE OF ACTION

### (Violation of California Business and Professions Code § 17200)

37. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-35 above as if fully set forth herein.

38. *California Business and Professions Code* § 17200 prohibits acts of unfair competition, including any "unlawful, unfair or fraudulent business act or practice," including specifically any violation of *Cal. Bus. & Prof. Code* § 17500

39. Ticketmaster has engaged, and continues to engage, in unlawful and unfair business acts and practices in California, and nationwide, in violation of *Cal. Bus. & Prof. Code* § 17200, by redirecting consumers from Ticketmaster.com to TicketsNow.com thereby deceiving consumers into purchasing tickets in the resale marketplace - TicketsNow.com - at prices far in excess of the face value of the tickets. Defendants similarly have engaged, and continue to engage, in unfair and unlawful business practices in California, and nationwide, by refusing to provide ticket purchasers refunds consisting of the difference between the actual purchase price paid and the face value of the ticket.

40. As described herein, Ticketmaster's unlawful and unfair business practice violates *Cal. Bus. & Prof. Code* § 17500, as well as established state and federal legislative policy prohibiting anti-competitive conduct by those companies that control both primary and secondary markets. Indeed, the United States Justice Department is investigating Ticketmaster's monopoly over ticket sales in connection with a proposed merger with Live Nation.

41. Had Plaintiff and other members of the Class known that they were being redirected from Ticketmaster.com to TicketsNow.com and charged prices in excess of the face value of the tickets purchased, they would not have provided their personal information, credit and debit card numbers and/or checking account numbers to Defendants, and they would not have inadvertently purchased tickets from TicketsNow.com at inflated prices in amounts far above the face value of

the tickets.

42. Defendants engaged, and continue to engage, in the aforementioned unfair and unlawful business practice to increase its profits. As such, Defendants' unfair and unlawful business acts and practices caused and continue to cause substantial injury to consumers, including Plaintiff and the other members of the Class. Furthermore, as there were reasonable alternatives available to Ticketmaster to further its business interests other than deceptively engaging in unfair and unlawful business acts and practices by redirecting consumers from Ticketmaster.com to TicketsNow.com in order to sell tickets at prices in amounts greater than the face value of the tickets, the gravity of Defendants' wrongful conduct outweighs any purported benefits attributable to such conduct.

43. Thus, Plaintiff seeks, on behalf of herself and all other members of the Class, full restitution, as necessary and according to proof, to restore any and all monies acquired by Defendants from Plaintiff and all other members of the Class as a result of Defendants' unfair and unlawful business practices as described above, plus interest thereon.

44. Moreover, as a direct and proximate result of Defendants' actions as described above, Plaintiff and other members of the Class have suffered, and continue to suffer, injury in fact and have lost money as a result of Defendants' deception and unfair and unlawful business practice in an amount which will be proven at trial, and which is in excess of the requisite jurisdictional minimum.

45. By reason of the foregoing, Defendants have violated *Cal. Bus. & Prof. Code* § 17200, and as a direct and proximate result of its actions, Defendants have enjoyed, and continues to enjoy, significant financial gain in an amount which will be proven at trial, and which is in excess of the requisite jurisdictional minimum.

/ / /

/ / /

12

**CLASS ACTION COMPLAINT**

# THIRD CAUSE OF ACTION

## (Unjust Enrichment -- Alternative Claim)

46. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-44 above as if fully set forth herein.

47. Plaintiff and the Class have conferred benefits on Defendants by paying more than the face value of the tickets purchased from TicketsNow.com.

48. Defendants knowingly and willingly accepted these monetary benefits from Plaintiff and the Class.

49. Under the circumstances described above, it is inequitable for Defendants to retain these benefits at the expense of Plaintiff and the Class.

50. By engaging in the conduct described above, Defendants have been unjustly enriched at the expense of and detriment to Plaintiff and the Class members by wrongfully collecting money to which Defendants, in equity, are not entitled.

51. Plaintiff and the Class are entitled to recover from Defendants all amounts wrongfully collected and improperly retained by Defendants.

52. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the Class members have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiff and the Class.

53. Plaintiff and the Class have no adequate remedy at law.

54. As a direct and proximate result of Defendants' misconduct as set forth above, Defendants have been unjustly enriched and, as such, Plaintiff seeks to obtain a pecuniary benefit for himself and the Class in the form of reimbursement, restitution and disgorgement from Defendant.

/ / /

/ / /

/ / /

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

    a.    Certifying this action as a class action, pursuant to Rule 23(a) and 23(b)(3) of the *Fed.R.Civ.P.*, with a class as defined above;

    b.    On Plaintiff's First Cause of Action, entering a judgment in favor of Plaintiff and the Class and against Defendant, awarding Plaintiff and the Class all appropriate remedies allowed under the law, including attorneys' fees as private attorneys general under *California Code of Civil Procedure* § 1021.5;

    c.    On Plaintiff's Second Cause of Action, entering a judgment in favor of Plaintiff and the Class and against Defendant, awarding Plaintiff and the Class all appropriate remedies allowed under the law, including attorneys' fees as private attorneys general under *California Code of Civil Procedure* § 1021.5;

    d.    On Plaintiff's Third Cause of Action, entering a judgment in favor of Plaintiff and the Class and against Defendant, awarding Plaintiff and the Class their individual damages, attorneys' fees, costs and/or restitution and equitable relief;

    e.    Enjoining Ticketmaster from continuing to engage in unlawful and unfair business practices regarding the sale and resale of tickets through Ticketmaster.com and TicketsNow.com;

    f.    Ordering Ticketmaster to refund to Plaintiff and the Class the difference between the actual purchase price of the tickets purchased from TicketsNow.com and the face value of the tickets;

    g.    Awarding Plaintiff interest and costs; and

    h.    Awarding Plaintiff such other and further relief as this Court deems just and proper.

///
///
///

**CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the *Federal Rules of Civil Procedure*, Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: June 19, 2009

*/s/ Paul R. Kiesel*

Paul R. Kiesel
Patrick DeBlase
Kiesel Boucher & Larson LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
(310) 854-4444

David J. Cohen
Patrick Howard
SALTZ MONGELUZZI BARRETT
& BENDESKY, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**CV09- 4445 PA (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

Paul R. Kiesel, Esq. (SBN 119854)
kiesel@kbla.com
Patrick DeBlase, Esq. (SBN 167138)
KIESEL BOUCHER LARSON LLP
8648 Wilshire Blvd., Beverly Hills, CA 90211
Tel.: (310) 854-4444 Fax: (310) 854-0812

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOBSON, JR., on behalf of himself and all others similarly situated, <br><br> PLAINTIFF(S) <br><br> v. <br><br> TICKETMASTER ENTERTAINMENT, INC. and TICKETSNOW.COM, INC., <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV09-04445 PA (FFMx)** <br><br> SUMMONS |

TO: DEFENDANT(S): <u>TICKETMASTER ENTERTAINMENT, INC. and TICKETSNOW.COM, INC.</u>

A lawsuit has been filed against you.

Within <u> 20 </u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>KIESEL BOUCHER LARSON</u>, whose address is <u>8648 Wilshire Blvd., Beverly Hills, CA 90211</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUN 19 2009           By: LA'REE HORN
                                 Deputy Clerk
                                 (Seal of the Court)

1192

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
RICHARD HOBSON, JR., on behalf of himself and all others similarly situated

**DEFENDANTS**
TICKETMASTER ENTERTAINMENT, INC. and TICKETSNOW.COM, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, Ca 90211

**Attorneys (If Known)**
Paul R. Kiesel, Esq.
Patrick DeBlase, Esq.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of the California Business and Professions Code Sections 17500 and 17200; Unjust Enrichment

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV09-04445

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                        CIVIL COVER SHEET                        Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): 09-CV-912 ABC (JCx); 09-CV-1234 ABC (JCx); 09-CV-1968 ABC (JCx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/_____ Date June 18, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |